IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Criminal No. _____ |
| | : | |
| v. | : | Violation: 18 U.S.C. § 371 (Conspiracy) |
| | : | |
| **THOMAS HARPER** | : | |
| | : | |
| **Defendant.** | : | |

## INFORMATION

The United States charges that:

### Introduction

1. At all relevant times, MCC Construction Corporation ("MCC") was a construction management company and a general contractor that provided design/build, renovation/restoration, and new construction services. MCC was actively managed by Defendant Thomas Harper, and Person D, Person F, and Person G, who were also all owners of MCC.

2. At all relevant times, Company 1 purported to specialize in, among other things, design build services of energy and renewable programs; general contracting and construction staffing services; and mechanical, electrical, plumbing, renovation, and carpentry. At all relevant times, Company 1 was certified to participate in the Small Business Association's ("SBA") 8(a) program and was headquartered in Illinois. Company 1's primary business address was the home address of relatives of Person A. For portions of the relevant period, Company 1 was also certified to participate in the Historically Underutilized Business Zone ("HUBZone") program.

3. At all relevant times, Defendant was an officer of MCC and a minority shareholder who owned 5.78% of the company. Starting in early 2008, one of his responsibilities was to be the interface between MCC and Company 1.

4. At all relevant times, Person A resided in Illinois. Person A was president of Company 1.

5. On or about August 18, 2008, MCC submitted a proposal that purported to be from Company 1 for a GSA solicitation related to a building in Boston ("the Boston Solicitation").

6. On or about December 19, 2008, GSA notified offerors that Company 1 was an apparent successful offeror for the Boston Solicitation. That same day, the GSA contracting officer filed a protest with the SBA, claiming that Company 1 was other than a small business for purposes of the Boston Solicitation because of the relationship between Company 1 and MCC.

7. On or about January 5, 2009, the SBA notified Person A and Company 1 that the SBA was, pursuant to federal regulation, required to open a size-determination case to determine the size of Company 1.

The Conspiracy and Its Objects

8. From on or about January 5, 2009 through on or about January 22, 2009, Defendant,

**THOMAS HARPER**

and others unlawfully, willfully, and knowingly combined, conspired, confederated, and agreed with one another and with others to commit an offense against the United States; that is, to corruptly influence, impede, and obstruct the due and proper administration of law under which a pending proceeding, that is a size determination protest, was being had before the SBA – a

department and agency of the United States – by making representations to the SBA during its proceeding that Defendant knew were false, in violation of Title 18, United States Code, Section 1505.

## Goal of the Conspiracy

9. The goal of the conspiracy was for Defendant, MCC, Company 1, Person A, and others to corruptly, influence, impede, and obstruct a pending United States government agency proceeding into whether a bid submitted by MCC on behalf of Company 1 violated SBA rules and regulations.

## Manner and Means of the Conspiracy

10. Defendant, MCC, Company 1, Person A, and others used the following manner and means, among others, to accomplish the objects and goal of the conspiracy:

    a. Defendant and others took steps to corruptly influence, impede, and obstruct an SBA size determination protest by concealing from the SBA the extent and nature of the relationship between MCC and Company 1.

    b. Defendant and others took steps to corruptly influence, impede, and obstruct an SBA size determination protest by willfully and knowingly making false statements to the SBA about the extent and nature of the relationship between MCC and Company 1.

## **OVERT ACTS**

11. In furtherance of the above–described conspiracy and in order to carry out the objects thereof, Defendant, MCC, Company 1, and others committed the following overt acts, among others:

a. On or about January 7, 2009, Person A sent a letter to SBA falsely claiming that MCC would serve only as a subcontractor to Company 1 when necessary.

b. On or about January 13, 2009, Defendant, with and at the direction of Person A and MCC, emailed the SBA, falsely claiming that Company 1 had informed MCC that MCC would be treated the same as other subcontractors. Defendant knew that this representation was false and that the representation ran counter to how Company 1 and MCC interacted on contracts Company 1 subcontracted to MCC both prior to, and after, this representation.

c. On or about January 16, 2009, a Company 1 contract specialist emailed the SBA, copying Defendant, providing false information about prior teaming arrangements between Company 1 and MCC. Defendant knew this representation was false and did not correct it.

**(Conspiracy to Obstruct Proceedings before Departments, Agencies, and Committees, in violation of Title 18, United States Code, Section 371.)**

CHANNING D. PHILLIPS
United States Attorney
Bar No. 415793

By: *[signature]*
MATT GRAVES
Bar No. DC - 481052
Assistant United States Attorney
Fraud & Public Corruption Section
555 4th Street, N.W., Room 5227
Washington, DC 20530
202-252-7762

LISA M. PHELAN
Chief
Washington Criminal I
Antitrust Division:

_____
KEVIN HART
JUSTIN P. MURPHY
Trial Attorneys
Washington Criminal I
Antitrust Division
United States Department of Justice
450 Fifth Street, N.W., Suite 11300
Washington, D.C. 20530

5